IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE HARTFORD FINANCIAL SERVICES GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY MARTINI, <br><br> Defendant. <br> _____/ | No.  CIV.S-05-1202 FCD DAD PS <br><br><br> <u>FINDINGS AND RECOMMENDATIONS</u> |

  Defendant, proceeding pro se, has filed a notice of removal attempting to remove to this court a civil action brought against him in state court in Florida.  The documents attached to the notice of removal indicate that in the Florida state action plaintiff seeks to recover damages from defendant resulting from his alleged theft of computer hardware and software.

  The notice of removal filed by defendant alleges jurisdiction lies in this court because "Martini will NEVER GET A FAIR HEARING with CORRUPT JUDGES THAT ARE MEMBERS OF THE GOOD OLE

1

BOYS NETWORK in Sarasota County of The State of Florida." (Notice of Removal at 1.) The notice further alleges that defendant is "asking for A DEMOCRATIC JUDGE ONLY to hear my applications since I have seen so much corruption among the REPUBLICANS in all of my case." (Id.) Such allegations are not sufficient to establish removal jurisdiction. Nor are the allegations that defendant is "countersuing" plaintiff in the Florida state court action for filing "false reports" regarding defendant to the United States Secret Service, Federal Bureau of Investigation, and "Immigration." (Id. at 2.) Even assuming defendant's counterclaim raises a federal question, the existence of such a counterclaim cannot provide the basis for federal question jurisdiction on removal. The court's jurisdiction is determined by looking to the plaintiff's well-pleaded complaint. See Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 10 (1983); Rath Packing Co. v. Becker, 530 F.2d 1295, 1303-04 (9th Cir. 1975). The state court complaint from the Florida action indicates no basis for federal jurisdiction.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This state civil action be summarily remanded to the County Court, in and for Sarasota County, Florida; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, any party may

1 file written objections with the court and serve a copy on all
2 parties.  Such a document should be captioned "Objections to
3 Magistrate Judge's Findings and Recommendations."  The parties are
4 advised that failure to file objections within the specified time may
5 waive the right to appeal the District Court's order.  See <u>Martinez</u>
6 <u>v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

7 DATED: November 7, 2005.

```
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE
```

11 DAD:th
DDad1\orders.prose\martini1202.f&r

3